IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.  17-21 J |
| ) | |
| JOHN H. JOHNSON ) | |

INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Stephanie L. Haines, Assistant United States Attorney for said district, and submits the following Information Memorandum to the Court:

I. THE INFORMATION

The United States Attorney for the Western District of Pennsylvania filed a one-count Information against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy, from in and around May 2011, to in and around November 2013 | 18 U.S.C. §371 |

II. ELEMENTS OF THE OFFENSE

A.   As to Count One:

In order for the crime of conspiracy, in violation of Title 18, United States Code, Section 371, to be established, the United States must prove, beyond a reasonable doubt, all of the following essential elements:

  1. That two or more persons agreed to commit an offense against the United States, as charged in the indictment;

  2. That defendant was a party to or member of that agreement;

  3. That defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States, and intending to join together with at least one other alleged conspirator to achieve that; that is, that defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

  4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### III. PENALTIES

A. As to Count One: Conspiracy, in violation of 18 U.S.C. §371, the maximum penalties for the defendant are:

  1. Imprisonment of not more than five (5) years, 18 U.S.C. §371;

  2. A fine of not more than $250,000, 18 U.S.C. §3571(b)(3);

  3. A term of supervised release of not more than three (3) years, 18 U.S.C. §3583.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed upon the defendant, pursuant to 18 U.S.C. §3013, as the offense occurred on or after April 24, 1996.

## V. RESTITUTION

Restitution under the Victim-Witness Protection Act is mandatory in this case.

## VI. FORFEITURE

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

*[signature]*

STEPHANIE L. HAINES
Assistant U.S. Attorney
WV ID No. 9249